1  Dennis G. Martin (SB# 54060)
   Dennis_Martin@BSTZ.COM
2  James W. Ahn (SB#243335)
   James_Ahn@BSTZ.COM
3  BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
4  12400 Wilshire Boulevard, Seventh Floor
   Los Angeles, California 90025
5  Tel: (310) 207-3800
   Fax: (310) 820-5988
6
7  Attorneys for Plaintiff
   Dr. Alisa Wolf
8
9           UNITED STATES DISTRICT COURT
10      FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                  WESTERN DIVISION
12
13
14  DR. ALISA WOLF, an individual, ,           ) Case No: 14-CV-00938-CAS(VBKx)
                                                )
15           Plaintiff,                         ) **PLAINTIFF'S MEMORANDUM OF**
    v.                                          ) **POINTS AND AUTHORITIES IN**
16                                              ) **OPPOSITION TO DEFENDANTS'**
    JOSEPH "JOEY" TRAVOLTA, an individual       ) **MOTION TO DISMISS FOR**
17  d/b/a INCLUSION FILMS, INCLUSION            ) **FAILURE TO STATE CAUSE OF**
    WEAR, LLC a California Limited Liability    ) **ACTION**
18  Company, and LITTLE DOCUMENTARY             )
19  FILMS, LLC, a California Limited Liability  )
    Company                                     )
20           Defendant.                         ) Date: June 2, 2014
                                                ) Time: 10 a.m.
21  _____       ) Courtroom of Judge Snyder
                                                )
22
23
24
25
26
27
28

# I. INTRODUCTION

Defendants' motion is a summary judgment motion masquerading as a motion to dismiss for failure to state a claim. It is supported purely by argument and unauthenticated documents. Plaintiff will not address the affirmative defenses that Defendants claim should result in dismissal of the complaint. Plaintiff did not anticipate them in her complaint, and is under no obligation to respond to them in opposing a motion to dismiss under Rule 12(b)(6).

# II. Under Ninth Circuit Authority The Statute Of Limitations In Copyright Actions Has Not Run On Plaintiff's Claim

### A. The Statute Only Bars Claims That Accrued More Than Three Years Before Filings

In this Circuit, the 3 year statute of limitations for bringing a copyright infringement case under 17 U.S.C. §507(b) begins to run as each new claims accrues. "An action may be brought for all acts that accrued within the three years preceding the filing of the suit, *Hampton v. Paramount Pictures Corp.*, 279 F.2d. 100, 105 (9th Cir. 1960), *Roley v. New World Pictures, Ltd.*, 19 F.3d 479-482 (9th Cir. 1994), cited with approval in *Seven Arts Filmed Entertainment Limited v. Content Media Corporation*, 733 F.3d 1251 at 1254-1255 (9th Cir. 2013). In *Roley*, plaintiff's claims were barred by 17 U.S.C. §507(b) for all claims accrued before February 7, 1988. Plaintiff was entitled to proceed with his claims for all acts that accrued within the three years preceding the filing of the suit. Not having any, summary judgment was affirmed.

Copyright infringement can be and often is a continuing tort; that is, each new act of infringement, each publication triggers a new cause of action. *Roley, supra*, at 481-482. Also, the statute does not begin to run on a claim until Plaintiff has notice of the infringement. *Polar Bear Products v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

1

### B. Nothing In The Complaint Even Remotely Suggests That Plaintiff Is Suing On Any Copyright Claim That Accrued More Than 3 Years Prior To Filing

The original complaint was filed on February 6, 2014, so 507(b) only bars claims accrued before that date in 2011. The First Amended Complaint, adds additional defendants controlled by Defendant Travolta, alleges that Defendants secured contracts with three sponsoring agencies as the proximate result of Defendants' infringement of Plaintiff's copyright. Nothing in the complaint alleges the dates of the infringement or when the claims accrued.

### C. The Statute Of Limitations Is An Affirmative Defense

Where a complaint contains nothing to show on its face that the statute of limitations has run, the complaint cannot be challenged by a Rule 12(b)(6) motion to dismiss. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995)(The Ninth Cir., granting reversal and remand of the district court's dismissal of the complaint under FRCP 12(b)(6) as untimely under statute of limitations, held "a motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the Complaint, read with the required liberality, would not permit plaintiff to prove that the statute was tolled.). In order to dismiss a claim as untimely on a 12(b)(6) motion it must "appear beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207.

Defendants argue that because the alleged infringing work attached as Exhibit A to the complaint is dated in April, 2010, the statute has run. But, the fact that the document is marked as a draft, indicated that it was not published. The act of publishing a work is one of the six (6) rights that are exclusive to the copyright holder. 17 U.S.C. §106(5). Publication is separately actionable from the acts of

making a copy or a derivative work. Defendants also beg the question when plaintiff was on notice of the defendants making the copy/derivative work. The statute does not begin to run until plaintiff is on notice of the act of infringement. *Polar Bear Prods., supra,* at 706.

### III. LACHES IS NOT A DEFENSE WHEN THE ALLEGED INFRINGEMENT IS WILLFUL

Like the statute of limitations, the equitable doctrine of laches is an affirmative defense to copyright infringement. When the infringement is found to be willful, otherwise undue delay in bringing the claim will not bar the plaintiff's claim for laches. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959 (9th Cir. 2001), distinguished where infringing works produced under cover of title, *Evergreeen Safety Council v. RSA Network Inc.*, 697 F.3d 1221 (9th Cir. 2012).

In any event, laches is an affirmative defense in copyright actions, which the defendant has the burden to prove. *Danjaq*, supra, 263 F.3d at 951; also see, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 951 (9th Cir. 2012), *cert. granted*, 134 S.Ct. 50 (2013)[1]

### IV. DEFENDANTS' CLAIMS OF OWNERSHIP OF THE COPYRIGHT ARE AFFIRMATIVE DEFENSES, NOT RAISED IN THE COMPLAINT ITSELF

#### A. Plaintiff Is The Prima Facie Owner Of The Copyright

The copyright registration was issued to Alisa Wolf, and no one else. See Exhibit B to the Amended Complaint, attached. The certificate of registration is prima facie proof of her exclusive ownership of the copyright. 17 U.S.C. §410(c),

---

[1] In the *Petrella* case, the Supreme Court will resolve a circuit split on the question whether the defense of laches is available in an action for copyright infringement, a view which the Ninth Circuit supports, or whether Congress intended to preclude this equitable defense when it enacted the express three-year statute of limitations in 17 U.S.C. § 507(b).

*S.O.S. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989)(A copyright registration is "prima facie evidence of the validity of the copyright and facts stated in the certificate.")

### B. Defendants' Affirmative Defense That Mr. Travolta Owns The Copyright As A Work For Hire Is Irrelevant To The Question Whether The Complaint States A Claim

Defendants attach a series of $500 checks ending in February 2006 from Mr. Travolta d/b/a Entertainment Experience to plaintiff, to prove that the Practical Film Vocational Program was a work for hire, and therefore Mr. Travolta owns the copyright in it. They are not payroll checks, and there is no notation what they were for. Ownership based on the work-for-hire doctrine is an affirmative defense that is irrelevant to the question whether the complaint states a cause of action. When the defense is raised in an answer, plaintiff expects to prove that the copyrighted work was not created in connection with any work commissioned or paid for by Mr. Travolta.

### C. Mr. Travolta's Claim Of Co-Authorship Is An Affirmative Defense

Defendants claim that Mr. Travolta is a co-author of the copyrighted work. If and when this defense is raised, plaintiff expects to show that he did not write a word of it. The co-authorship issue is irrelevant to defendants' Rule 12(b)(6) motion.

//
//
//
//
//

//

## V. LACK OF COPYRIGHTABLE SUBJECT MATTER IS NOT A GROUND FOR DISMISSAL UNDER RULE 12(b)(6)

The level of expression required to distinguish copyrightable work from an uncopyrightable idea is low. *Atari Games Corp. v. Oman*, 888 F.2d 878, 883 (D.C. Cir. 1989)(Review of Register of Copyright's denial of registration, MSJ for registrar reversed and remanded to review application taking into account that the "level of creativity necessary and sufficient to copyrightability has been described as 'very slight', 'minimal' and 'modest'"). The certificate of registration is *prima facie* proof of copyrightable subject matter. *United Fabrics Int'l, Inc. v. C&J Wear*, 630 F.3d 1255 (9th Cir. 2011)(Dismissal of a copyright action was improper because, as the copyright claimant, the owner was presumed to own a valid copyright pursuant to 17 U.S.C. 410(c), and the facts stated therein, including the chain of title in the source artwork in dispute, were entitled to the presumption of truth.) The bald assertion in a brief that there is nothing copyrightable in the program cannot lead to a 12(b)(6) dismissal.

## CONCLUSION

Plaintiff has pleaded all of the elements of a claim for copyright infringement, with sufficient detail to give Defendants ample notice of all the grounds for her claim.

Dated: May 12, 2014

Dennis G. Martin
James W. Ahn
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel: (310) 207-3800
Fax: (310) 820-5988

Attorneys for Plaintiff

5

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, and am over the age of 18 and not a party to the within action. I am employed by Blakely, Sokoloff, Taylor & Zafman, and my business address is 12400 Wilshire Boulevard, Suite 700, Los Angeles, California 90025.

On May 12, 2014 I served a true and correct copy of the foregoing document described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPSOTION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE CAUSE OF ACTION** on all interested parties, through their respective attorneys of record, as follows:

Jeff Katofsky, Esq.
Lindsay Singer, Esq.
4558 Sherman Oaks Ave, Floor 2
Sherman Oaks, CA 91403
jeff@oremowl.co

## METHOD OF SERVICE

__X__ **(BY EMAIL)** I caused such document to be transmitted by electronic mail to the address listed above.

## JURISDICTION

__X__ **(FEDERAL)** I declare that this document was delivered at the request of a member of the bar of this court, at whose direction the service was made.

Executed on May 12, 2014, at Los Angeles, California.

JESSICA NUGENT