# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | | Date | June 2, 2014 |
|---|---|---|---|---|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Dennis Martin | Lindsay Singer |

**Proceedings:**     MOTION TO DISMISS (Dkt. 10, filed April 17, 2014)

## I.    INTRODUCTION AND BACKGROUND

On February 6, 2014, plaintiff Alisa Wolf filed this action against defendants Joseph Travolta, Inclusion Wear, LLC ("Inclusion"), and Little Documentary Films, LLC ("Little").  Plaintiff's operative first amended complaint ("FAC") asserts a single claim for copyright infringement under 17 U.S.C. § 501.   In brief, plaintiff alleges that she is the founder of Actors for Autism, a non-profit organization that trains disabled adults for jobs in the film industry.  FAC ¶ 3.  Plaintiff states that she authored, and owns the copyright for, a curriculum outlining the Actors for Autism program; this curriculum is entitled the "Practical Film Vocational Program" ("PFVP").  Id. ¶ 7 & Ex. A.  Plaintiff alleges that defendants copied portions of the PFVP into their own competing curriculum document (the "IF Program").  Id. ¶ 8 & Ex. C.  Plaintiff asserts that defendants have used this competing curriculum to secure contracts with several sponsoring agencies.  Id. ¶ 8.

On April 17, 2014, defendants moved to dismiss the FAC.  Dkt. 10.  Plaintiff opposed this motion on May 11, 2014, dkt. 11.[1]  On June 2, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[1] On May 22, 2014, defendants filed an untimely reply in support of their motion to remand.  Dkt. 13.  Even if the Court were to consider the arguments raised in this reply, the Court finds that such arguments would not alter the conclusions reached herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  ANALYSIS

Defendants assert that (1) plaintiff's suit is barred by the statute of limitations and the doctrine of laches, (2) the alleged copying did not involve protectable original elements of the PFVP, and (3) plaintiff's suit is barred under the doctrines of joint authorship and work-for-hire. The Court considers each of these arguments in turn.

### A.  Statute of Limitations & Laches

Defendants first assert that plaintiff's suit is barred by the three-year statute of limitations for copyright claims. Defendants point out that the IF Program is dated April 22, 2010, see FAC Ex. C., and contend that this suit therefore should have been filed no later than April 22, 2013.

This argument fails. 17 U.S.C. § 507(b) states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." This provision creates a three-year "look-back" limitations period that permits plaintiffs to reach all acts of infringement that occurred within the previous three years:

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs.[6] In short, each infringing act starts a new limitations period.

Petrella v. Metro-Goldwyn-Mayer, Inc., — S. Ct. —, 2014 WL 2011574, at *6 (May 19, 2014). Here, plaintiff alleges that defendants published the IF Program "in the course of advertising and promoting [Travolta's] vocational film making programs." FAC ¶ 8. Each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | |

of these publications could potentially constitute a separate act of infringement, each with a separate three year statute of limitations. 17 U.S.C. §§ 106, 501. Moreover, because plaintiff does not specify when the alleged publications of the IF Program took place, it would be inappropriate to resolve the timeliness of claims based on those publications in the context of a motion to dismiss. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

Defendants also assert that plaintiff's claim is barred by the doctrine of laches. This argument similarly fails because the Supreme Court recently held that laches cannot operate to bar suits for copyright infringement. See Petrella, — S. Ct. —, 2014 WL 2011574.

**B.    Originality**

Defendants next argue that the PFVP "is a non-protectable expression of ideas and material derived from Mr. Travolta's previous teaching experience." Mot. 6.   Defendants contend that the copied portions of the PFVP only describe "common classroom requirements that are not original or unique to" the Actors for Autism curriculum.

The Court finds this argument unpersuasive. First, plaintiff has submitted a copy of her copyright registration for the PFVP, which entitle[s the PVFP] to a presumption of originality." George S. Chen Corp. v. Cadona Int'l, Inc., 266 F. App'x 523, 525 (9th Cir. 2008) (citing 17 U.S.C. § 410(c)). Second, even assuming that defendants correctly characterize the content of the PFVP, the FAC alleges that defendants copied that content verbatim. An example of the PFVP passages allegedly copied by defendants is set forth below:

After a preliminary screening, consumers will be invited to an initial interview. At the discretion of Actors for Autism, video conference interviews, (in lieu of an in-person initial interview) may be offered. Consumers to be interviewed will be selected from applicants who must closely meet the minimum and desired qualifications to be successful in the program. Meeting the minimum qualifications does not guarantee an interview. *(Note: Actors for Autism does not provide travel reimbursement for those invited to initial interviews.)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | |

FAC Ex. A at 8.  The IF Program replicates the above-quoted passage in its entirety:

> After a preliminary screening, consumers will be invited to an initial interview*.
> At the discretion of Inclusion films, video conference interviews, (in lieu of an
> in-person initial interview) may be offered.  Clients to be interviewed will be
> selected from applicants who must closely meet the minimum and desired
> qualifications to be successful in the program.   Meeting the minimum
> qualifications does not guarantee an interview.  The client selection process is at
> the discretion of the interview committee.
> . . .
> *Note: Inclusion films does not provide travel reimbursement for those invited
> to initial interviews.*

FAC Ex. C at 33.

Because defendants copied this and other passages verbatim, the IF Program may
infringe plaintiff's copyright even if the PFVP only describes "common classroom
requirements."  In other words, "even if it is assumed that much of the expression in [the
PFVP] is indispensable or standard, it is nevertheless protected from verbatim or virtually
verbatim copying." Gable-Leigh, Inc. v. N. Am. Miss, 2001 WL 521695 (C.D. Cal. Apr.
13, 2001); see also Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173,
1175 (9th Cir. 1989) ("[W]here an expression is, as a practical matter, indispensable, or at
least standard, in the treatment of a given idea, the expression is protected only against
verbatim, or virtually identical copying"); Rachel v. Banana Republic, Inc., 831 F.2d 1503,
1507 (9th Cir. 1987) ("Such 'indispensable expression' of ideas may be protected only
against virtually identical copying").

## C.    Work-for-Hire & Joint Authorship

Defendants assert that Travolta hired plaintiff to work at Actors for Autism, and that
the PFVP is thus a work for hire.  In support of this argument, defendants submit checks
reflecting payments made to plaintiff between March 2005 and February 2006.  Mot. Ex. F.
Defendants argue in the alternative that Travolta is a joint author of the PFVP, and thus
cannot be liable for infringement.

Neither of these arguments is suitable for resolution on a motion to dismiss.  The
FAC asserts that plaintiff is the sole author of the PFVP, and the Court is required to accept

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00938-CAS(VBKx) | Date | June 2, 2014 |
|----------|--------------------------|------|---------------|
| Title | ALISA WOLF V. JOSEPH JOEY TRAVOLTA | | |

those allegations as true. Even if defendants are ultimately correct that plaintiff prepared the PFVP as a work for hire, or jointly with Travolta, that determination is a factual question to be resolved at trial or on summary judgment. See Pulver v. Battelle Mem'l Inst., 2009 WL 224490, at *10 (E.D. Wash. Jan. 29, 2009) ("Like any question of fact, joint authorship may be resolved as a matter of law if there is no genuine dispute about the material facts."); Warren v. Fox Family Worldwide, Inc., 171 F. Supp. 2d 1057, 1066 (C.D. Cal. 2001) ("Resolving these issues would [require] that the court decide disputed factual issues going to the merits of the dispute.").

## IV. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|----|----|----|
| Initials of Preparer | | CMJ | |