UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | No. 2:14-CV-938-CAS (VBKx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT (Dkt. No. 93, filed March 8, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 6, 2015, is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION AND PROCEDURAL HISTORY

On February 6, 2014, plaintiff Dr. Alisa Wolf ("Wolf") filed this lawsuit against defendants Joseph "Joey" Travolta, doing business as Inclusion Films ("Travolta"), Inclusion Wear, LLC ("Inclusion Wear"), Little Documentary Films, LLC, and Does 1 through 100 (collectively "defendants"). The gravamen of plaintiff's claims is that she authored and owns the copyright for a "Practical Film Vocational Program" designed to train autistic students for jobs in the film industry, and that defendants have taken and infringed that copyrighted work to run their own competing programs. The original complaint ran five pages and thirteen substantive paragraphs, and asserted a single claim for copyright infringement pursuant to 17 U.S.C. § 501. Dkt. No. 1. On March 11, 2014, plaintiff filed a First Amended Complaint against the same parties, and asserting the same single claim for relief. Dkt. No. 9. Defendants filed an answer to the First Amended Complaint on June 18, 2014. Dkt. No. 16. On September 23, 2014, the parties filed a joint proposed litigation and discovery plan pursuant to Federal Rule of Civil Procedure Rule 26(f). Dkt. No. 34.

On September 29, 2014, upon stipulation by the parties, the Court granted leave for plaintiff to file a Second Amended Complaint. Dkt. No. 38. The Second Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | No. 2:14-CV-938-CAS (VBKx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA, ET AL. | | |

Complaint added claims for unfair competition, interference with economic relationship, breach of fiduciary duty, misappropriation of trade secrets, and conversion, but did not add any new parties.  Dkt. No. 39.  The Second Amended Complaint totaled seventeen pages, and attached an additional twenty-three pages of exhibits.  Id.  On November 24, 2014, the Court granted in part and denied in part a motion to dismiss the Second Amended Complaint, and gave plaintiff leave to amend "to correct the deficiencies identified" in the Court's order on that motion.  Dkt. No. 79 at 23.  That order stated that the parties "shall not add any claims for relief not already asserted."  Id.

On December 18, 2014, plaintiff filed a Third Amended Complaint that did not add any parties or claims for relief.  Dkt. No. 84.  The Third Amended Complaint totaled forty-three pages, and attached an additional fifty-three pages of exhibits.  Id.  Defendants filed an answer on December 31, 2014.  Dkt. No. 85.

On March 8, 2015, plaintiff filed a motion for leave to file a Fourth Amended Complaint ("FAC"), which seeks to add over thirty new parties and over twenty new claims for relief.  Dkt. Nos. 93, 94.  Defendants filed an opposition on March 16, 2015.  Dkt. No. 112.  Plaintiff filed a reply on March 23, 2015.  Dkt. No. 118.

## II.     DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that, if a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  A district court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The district court may decline to grant such leave, though, where there is 'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment."  Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (emphasis omitted) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Prejudice exists when the "new amended claims would greatly change the parties' positions in the action, and require the assertion of new defenses."  Phoenix Solutions, Inc. v. Sony Elecs., Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (finding relevant to the prejudice inquiry "whether the assertion of a new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | No. 2:14-CV-938-CAS (VBKx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA, ET AL. | | |

significantly delay the resolution of the dispute"). The decision to grant or deny leave to amend "is within the discretion of the District Court." Foman, 371 U.S. at 182; Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996) ("The district court's denial of a motion for leave to amend is reviewed for an abuse of discretion.").

Despite the general policy in favor of liberally granting leave, the Court does not find leave to file the proposed FAC to be appropriate in this case. Although plaintiff argues in a conclusory manner that there is no undue delay because she only became aware of the scope of her claims through discovery, and that the thirty-plus additional parties are all "indispensable," she offers no persuasive reason for only requesting leave to file such a dramatically expanded complaint over a year after the filing of this case. This undue delay would clearly prejudice defendants, who would need to file a new answer or motion to dismiss, recalibrate discovery strategy, and prepare for mediation currently scheduled for May 1—all in light of vastly expanded claims for relief and theories for liability that would require the formulation of new defenses. This prejudice is especially unfair because it does not appear that plaintiff's counsel gave sufficient notice, prior to filing the instant motion, of the full scope of the proposed amendments, violating this Court's Local Rule 7-3. See Gebelin Decl. ¶¶ 3-4 & Ex. A.[1]

Moreover, it appears that granting leave to amend would be futile, because the proposed FAC fails to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The proposed FAC totals 393 pages, and includes 775 paragraphs of allegations, a nine-page memorandum of law on punitive damages, multiple diagrams and charts, and a twenty-two page exhibit list. Dkt. No. 94. The exhibits filed with the FAC run approximately 1,700 pages. Dkt. Nos. 94–98. The FAC also adds thirty-one new

---

[1] Plaintiff asserts that the Court "invited" the proposed amendments at a February 2, 2015 scheduling conference. At that scheduling conference, the Court asked plaintiff's counsel if he intended to file a motion to add new claims or parties, and stated that such a motion would be more efficiently filed before (as opposed to after) mediation. Especially in light of the fact that the Court ordered in writing that plaintiffs not add any new claims for relief in the Third Amended Complaint, this oral exchange cannot be reasonably interpreted to have "invited" further amendments that add hundreds of pages of pleadings and dozens of new parties and claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | No. 2:14-CV-938-CAS (VBKx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA, ET AL. | | |

defendants, an additional plaintiff, and twenty-two new claims for relief. Dkt. No. 94. Such a pleading violates the letter and spirit of the Federal Rules, and would not place the parties, the Court, or a mediator in a position to expeditiously advance the resolution of this litigation. See Silver v. Queen's Hospital, 53 F.R.D. 223, 227 (D. Haw. 1971) (striking an approximately one-hundred page complaint for failure to comply with Rule 8(a)).

### III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for leave to amend. The proposed Fourth Amended Complaint and associated exhibits, Dkt. Nos. 94–98, are hereby **STRICKEN**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |