UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Shanen Prout | | John Cha/Steven Gebelin |

**Proceedings:**    DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 17 U.S.C. § 505 (Dkt. 191, filed March 18, 2016)

## I. INTRODUCTION & BACKGROUND

On February 6, 2014, plaintiff Alisa Wolf ("Wolf") filed her original complaint in this action against defendant Joseph "Joey" Travolta, d.b.a. Inclusion Films ("Travolta"), asserting one claim for infringement of plaintiff's copyright in a written curriculum and program guide dated May 10, 2006 and entitled, "Practical Film Vocational Program For People with Developmental Disabilities" (the "first work" or "the May 2006 Work"). See Dkt. 1. On March 11, 2014, Wolf filed a first amended complaint adding defendants Inclusion Wear, LLC and Little Documentary Films, LLC to her copyright infringement claim. Dkt. 9. On September 29, 2014, upon stipulation by the parties, Wolf filed a second amended complaint, adding state law claims (collectively, the "state law claims") for (1) misappropriation of trade secrets; (2) conversion; (3) interference with economic relationships; (4) breach of fiduciary duty; and (5) violation of California Business and Professions Code section 17200, et seq. Dkt. 39.

On August 5, 2015, upon stipulation by the parties, Wolf filed the operative fourth amended complaint, adding co-plaintiff Actors for Autism ("AFA") and asserting, for the first time, an additional claim for infringement of Wolf's copyright in a written work dated September 5, 2006, and entitled, "Actors for Autism Practical Film Program Proposal" (the "second work" or "the September 2006 Work"). Dkt. 132. The operative fourth amended complaint thus asserts two claims for copyright infringement (with one claim first asserted on February 6, 2014, and the other first asserted on August 5, 2015), and five state law claims (all first asserted on September 29, 2014). See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

In an order dated March 4, 2016, the Court denied in part and granted in part defendants' motion for summary judgment as to all of plaintiffs' claims. See Wolf v. Travolta, — F.Supp.3d —, No. CV 14-00938-CAS-PJW, 2016 WL 911469, at *21 (C.D. Cal. Mar. 4, 2016). Specifically, the Court denied defendants' motion insofar as it sought to invalidate plaintiffs' two underlying copyrights. Id. However, the Court granted the motion insofar as it argued (1) that all of plaintiffs' state law claims accrued in 2006 and therefore were time-barred, and (2) that plaintiffs' copyright claims accrued in 2006 such that plaintiffs were barred from seeking damages for conduct occurring between 2006 and early 2011 (i.e., damages *beyond* those accruing in the three years preceding plaintiffs' assertion of the claims). Id. In addition, after giving the parties notice and a reasonable time to respond pursuant to Federal Rule of Civil Procedure 56(f)(3), the Court granted summary judgment in favor of defendants as to the two copyright claims for alleged infringement occurring *within* the three years preceding plaintiffs' assertion of these claims. Id.

On March 18, 2016, defendants filed a motion for attorneys' fees and costs under 17 U.S.C. § 505. Dkt. 191 ("Motion"). On April 4, 2016, plaintiffs filed an opposition to defendants' motion. Dkt. 198 ("Opp'n"). On April 11, 2016, defendants filed a reply. Dkt. 199 ("Reply"). The history of this litigation is well known to both the Court and the parties, and the Court has reviewed the parties' respective summaries of this history in the briefs and supporting declarations filed in conjunction with this motion. See Motion at 1-8 (and supporting declarations filed in support thereof); Opp'n at 1-7 (and supporting declarations filed in support thereof).

On April 25, 2016, the Court held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Section 505 of the Copyright Act, which governs the award of costs and attorneys' fees in copyright infringement actions, provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 ("Section 505").

As the Supreme Court has recognized, "the word 'may' [in Section 505] clearly connote[s] discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994) (Fogerty). District courts accordingly "have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). The Ninth Circuit has articulated five nonexclusive factors—the Fogerty factors—to consider in determining whether to grant attorneys' fees to a prevailing party:

> [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence.

Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994) (citing Fogerty, 510 U.S. at 534 n.19). Ultimately, however, courts may choose not to rely on the Fogerty factors if their application is not " 'faithful to the purposes of the Copyright Act.' Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion" in the Ninth Circuit. Berkla v. Corel Corp., 302 F.3d 909, 923 (9th Cir. 2002) (quoting Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) ("Fogerty II")).

### III. DISCUSSION

Through the instant motion, defendants seek full compensation of $351,114.33 for the costs and attorneys' fees incurred in defending against this suit.[1] In light of the

---

[1] Defendants have been represented by three different law firms over the course of this litigation. See Declaration of John S. Cha ("Cha Decl."), at ¶ 2. According to redacted billing invoices submitted in support of their motion, defendants incurred fees and costs billed by the firm of Bryan Cave, LLP, in the amount of $6,906.06. Id. at ¶ 3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

Court's application of the Fogerty factors in the discussion that follows, the Court finds that an award of costs and attorneys' fees is not appropriate in this case.

### A.     Application of the Fogerty Factors

#### 1.     The Degree of Success Obtained

In copyright infringement actions, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Fogerty, 510 U.S. at 527. This is because, as a general matter, "[a] successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." Inhale, Inc. v. Starbuzz Tobacco, Inc., 755 F.3d 1038, 1043 (9th Cir.), cert. denied, 135 S. Ct. 758 (2014); see also Gonzales v. Transfer Techs., Inc., 301 F.3d 608, 609 (7th Cir. 2002) (Posner, J.) ("[A] successful defense enlarges the public domain, an important resource for creators of expressive works.").

---

Ex. A. According to the redacted billing invoices, defendants also incurred fees and costs billed by Jeff Katofsky, Esq., in the amount of $76,232. Id. at ¶ 4, Ex. B. Since December 2014, defendants have been represented in this matter by John S. Cha and Steven T. Gebelin of Raines Feldman, LLP. Id. at ¶ 2; Gebelin Decl., at ¶ 16. According to its redacted invoices and a cost breakdown, Raines Feldman charged defendants $232,893 in fees and $4,581.92 in costs between December 2014 and February 29, 2016. Cha Decl., at ¶ 6, Exs. D and E. During that time, defendants also incurred additional costs (not paid through Raines Feldman) in the amount of $3,632.50 for Retired Judge Patricia Collins's efforts to mediate this dispute, and $1,943.15 paid to Miller Court Reporting for Alisa Wolf's deposition. Cha Decl., at ¶ 7, Ex. F. Defendants also incurred $17,426.70 in fees and costs charged by David Helfant, whom defendants hired as a rebuttal expert witness to respond to plaintiff's disclosed expert witness James Coupe, Esq. Cha Decl., at ¶ 5, Ex. C; see also Dkts. 152, 167 (Plaintiffs' Motion to Exclude Defendants' Rebuttal Experts; Defendants' Opposition). Defendants aver that they expect to incur additional fees in the amount of $7,500 in connection with this motion for attorneys' fees. Cha Decl., at ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

However, the Ninth Circuit has also noted that successful defenses "do not always implicate the ultimate interests of copyright" because "copyright defendants do not always reach the merits, prevailing instead on technical defenses." Fogerty II, 94 F.3d at 560. Indeed, the court in Fogerty II suggested that success on a technical defense—including the statute of limitations, upon which defendants prevailed here—does not implicate the ultimate interests of copyright as much as a defense on the merits of the underlying copyright. Specifically, the court affirmed an attorneys' fees award for defendants under Section 505 based, in part, on the district court's reasoning that because the defendant "prevailed on the merits *rather than on a technical defense, such as the statute of limitations*, laches, or the copyright registration requirements," the successful "defense was the type of defense that furthers the purposes underlying the Copyright Act and therefore should be encouraged through a fee award." Id. at 560 (emphasis added).

Accordingly, numerous courts in the Ninth Circuit have found the relative degree of success in an infringement case to be mitigated where the Court does not reach the substantive merits of the underlying copyright or the question of whether defendants actually infringed. See, e.g., Epikhin v. Game Insight N. Am., No. 14-CV-04383-LHK, 2016 WL 1258690, at *5 (N.D. Cal. Mar. 31, 2016) (Koh, J.) ("[B]ecause the Court dismissed Plaintiffs' claims based on technical registration requirements and without prejudice, the Court finds that the degree of success obtained does not support an award of attorney's fees."); Minden Pictures, Inc. v. John Wiley & Sons, Inc., No. C-12-4601 EMC, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014) (Chen, J.) ("[W]hile [defendant] undoubtedly succeeded in this action, the Court finds the degree of success is mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made."); Perlan Therapeutics, Inc. v. Nexbio, Inc., No. 05CV1855 BEN (BLM), 2007 WL 935619, at *2 (S.D. Cal. Mar. 19, 2007) ("[W]hile Defendants succeeded in obtaining dismissal of the copyright claims, the ruling did not reach the merits and Plaintiffs were able to re-assert their claims in a new proceeding. Thus degree of success was small."); c.f. Mattel, Inc. v. MGA Entm't, Inc., No. CV 04-9049 DOC RNBX, 2011 WL 3420603, at *2 (C.D. Cal. Aug. 4, 2011) (noting defendant's successful defense warranted attorneys' fees in part because the defense "nudged copyright law in the direction of 'free expression' by appealing to basic principles about the unprotectability of ideas, instead of relying on 'technical defense[s], such as the statute of limitations, laches, or the copyright registration requirements' ") (citation omitted), aff'd sub nom. Mattel, Inc v. MGA Entm't, Inc., 705 F.3d 1108 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

Here, the Court's summary judgment order dismissed plaintiffs' claims as time-barred, but denied defendants' motion as to the invalidity of plaintiffs' underlying copyrights and further "did not consider the merits of whether . . . [d]efendants infringed that copyright." Epikhin, 2016 WL 1258690, at *5. Specifically, defendants had argued in their motion for summary judgment that "(1) the degree of similarity between portions of plaintiffs' works and . . . purportedly preexisting third-party works is so substantial as to compel the conclusion that plaintiff copied these works; (2) plaintiffs' copying was necessarily unauthorized, in light of her repeated denials that any copying occurred; and (3) plaintiffs' copyrighted works are accordingly 'unauthorized derivative works' and therefore not subject to copyright protection." Travolta, 2016 WL 911469, at *7. The Court rejected these arguments, explaining that a reasonable jury could potentially find that the "additional portions of plaintiffs' works not traceable to any third-party source demonstrate that the derivative portions do not pervade the entire works," despite any substantial similarities between plaintiffs' works and those of third-party sources. Id. at *8.

Because the Court expressly denied defendants' motion as to the invalidity of plaintiffs' underlying copyrights and ultimately granted summary judgment based only upon the statute of limitations, the Court concludes that the degree of success obtained by defendants does not support an award of attorneys' fees.

**2.   Objective Unreasonableness (both in the factual and legal arguments in the case)**

"A claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in th[e] case were slim to none.' " Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (quoting SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013)). Defendants contend that plaintiffs' "objective unreasonableness in the conduct and posturing of the case, through untenable factual and legal arguments, is manifest" because plaintiffs (1) were "on notice of their claims and waited nearly eight years to file suit"; (2) were "on notice [throughout this litigation] that the statute of limitations was a contested defense that would be dispositive"; and (3) "sought to recover every penny earned by Defendants . . . for their ability to successfully deploy vocational film-making training to young adults with disabilities, based on allegations that Defendants copied a registered 'program service design.' " Motion at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

It is true, as defendants argue, that certain copyright infringement claims brought after the statute of limitations has expired may be considered objectively unreasonable. See, e.g., Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 895 (6th Cir.2004) (affirming award of attorneys' fees to prevailing defendant under section 505 where "the district court found it was objectively unreasonable for plaintiffs to have argued that the claims against [defendant] were not time barred"); Zamoyski v. Fifty-Six Hope Rd. Music Ltd., Inc., 767 F. Supp. 2d 218, 223 (D. Mass. 2011) ("Simply put, it was not objectively reasonable for [plaintiff] to believe that he could overcome the significant barriers which he would no doubt face when confronted with a statute of limitations defense."); Mahan v. Roc Nation, LLC, No. 14 CIV. 5075 LGS, 2015 WL 4388885, at *2 (S.D.N.Y. July 17, 2015) (finding "claims were objectively without merit" where plaintiff's "claims began to run when he knew or had reason to know of the injury on which the claims are premised" and plaintiff's "alleged ignorance" of claims "strained credulity" and the pursuit of claims "filed more than ten years after the claims had accrued, was objectively unreasonable"), aff'd, No. 15-1238-CV, 2016 WL 730653 (2d Cir. Feb. 24, 2016).

Here, however, the relevant questions surrounding defendants' statute of limitations defense were "close and difficult," and the Court accordingly cannot conclude—at least as to the statute of limitations—that plaintiffs "should have known from the outset that [their] chances of success in this case were slim to none.' " Seltzer v. Green Day, Inc., 725 F.3d 1170, 1181 (9th Cir. 2013) (citation omitted). Indeed, Wolf advanced numerous non-frivolous arguments as to why she believed her infringement claims did not accrue until November 2012, when an acquaintance purportedly informed her of defendants' alleged conduct. For example, Wolf argued that her awareness in 2006 of potential infringement was insufficient to trigger the statute of limitations and, in any event, triggered an investigation that she avers was reasonable under the circumstances. See Travolta, 2016 WL 911469, at *10. In addition, Wolf argued that equitable tolling was warranted because her 2006 investigation was thwarted by defendants' alleged (and disputed) fraudulent concealment. See id. at *11. Wolf also advanced arguments under the continuing violation doctrine and the theory of continuous accrual. See id. at *18-*21. Wolf further appeared to argue that the statute of limitations should be tolled due to the legal advice she received from co-plaintiff AFA's attorney, Shannon Nash. Id. at *11 n.9. Of course, the Court ultimately rejected these arguments in light of the evidence in the record, "[b]ut the mere fact that [Wolf] lost cannot establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

[her] objective unreasonability" in advancing these arguments. Seltzer, 725 F.3d at 1181; c.f. Lotus Dev. Corp. v. Borland Int'l, Inc., 140 F.3d 70, 75 (1st Cir. 1998) (noting that in novel infringement cases, "the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff[] who . . . may have advanced a reasonable, albeit unsuccessful, claim").

Accordingly, because the Court finds that plaintiffs' factual and legal arguments in this suit were not objectively unreasonable, this factor weighs against awarding attorneys' fees to defendants.

### 3. Frivolousness

The question of whether plaintiffs' action was frivolous also weighs against an award of attorneys' fees. A claim is frivolous when it is "clearly baseless," involving "fantastic or delusional scenarios." Giganews,, 2015 WL 1746484, at *8 (citation omitted). Stated differently, a "case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." Id. (citation and internal quotation marks omitted). "A claim is not frivolous merely because it is unsuccessful." Bisson-Dath v. Sony Computer Entm't Am. Inc., No. CV-08-1235 SC, 2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012).

"The standard for frivolousness appears to be 'somewhat' higher than the standard for objective unreasonableness." Epikhin, 2016 WL 1258690, at *6 (citation omitted). Thus, "for the same reasons that the Court found [p]laintiffs' claims were not objectively unreasonable, the Court finds that [p]laintiffs' claims were not frivolous." Id.

### 4. Motivation

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." Frost-Tsuji Architects v. Highway Inn, Inc., No. CV 13-00496 SOM/BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015). "A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." Id. Wolf asserts in opposition to the instant motion (though not in her sworn declaration) that her "goal in bringing her lawsuit was to protect her copyrights that are at the heart of her desire to stimulate artistic creativity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

among disabled youth." Opp'n at 11. Defendants argue that an improper motive can be inferred from (1) plaintiffs' "outsized" damages claims throughout the course of this litigation, as well as (2) the "lengthy litigation history of this case." Motion at 12.

As defendants rightly note, some courts glean an improper motive from exorbitant and unjustified claims for damages in copyright infringement actions. For example, the district court in Corwin v. Walt Disney World Co. found it "extremely unlikely that Plaintiff was motivated by anything other than a large damages recovery from [Walt Disney World Co.]" where plaintiff's expert submitted a report concluding that plaintiff "was entitled to $3.6 billion (with a 'b') in damages." See Corwin v. Walt Disney World Co., No. 6:02CV1377ORL19KRS, 2008 WL 754697, at *12 (M.D. Fla. Mar. 18, 2008) (rejecting plaintiff's contention that the "primary reason" for filing suit was (1) "to obtain recognition for [the subject painter's] work" and (2) largely "not motivated by money"); see also Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., No. 1:13-CV-433, 2015 WL 7176010, at *7 (E.D. Va. Nov. 13, 2015) (finding evidence of improper motive where "plaintiff aggressively pursued an unusually large damages claim" against its competitor and subsequently "added defendants, presumably for additional deep pockets").

Here, plaintiffs' current attorneys appear to concede that plaintiffs' prior counsel in this case, attorney Justin Sterling, was "amateur in his efforts," including his submission of "the paperweight that was [the] proposed (and denied), verified Fourth Amended Complaint," Opp'n at 4-5, which totaled 393 pages, sought between $550-million and $1.5-billion in damages, added thirty-one new defendants and twenty-two new claims, and included 775 paragraphs of allegations, 1,700 pages of exhibits, and a nine page memorandum of law on punitive damages. See Dkt. 94. As the Court explained in its order denying Wolf leave to file her proposed FAC, "[s]uch a pleading violate[d] the letter and spirit of the Federal Rules, and would not place the parties, the Court, or a mediator in a position to expeditiously advance the resolution of this litigation," particularly where plaintiff "offer[ed] no persuasive reason for only requesting leave to file such a dramatically expanded complaint over a year after the filing of this case." See Dkt. 120 (Order Denying Leave to File FAC), at 3-4. In their motion, defendants also point to other arguable missteps in Mr. Sterling's litigation of this case. However, plaintiffs contend that because "Mr. Sterling's behavior cannot credibly be said to have been effective," and because plaintiffs have "no doubt" already "suffered as a result" of Mr. Sterling's conduct, imputing improper motivation on the part of plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

themselves would be unfair. Opp'n at 5 (noting also that plaintiffs have no indication that Sterling "ever worked for another law firm or received any training in how to properly handle a federal case" and "do not want to excuse Mr. Sterling's behavior").

Ultimately, for purposes of the instant motion, the Court cannot impute an improper motive to plaintiffs based upon the questionable conduct of prior counsel in this case. As plaintiffs rightly note, their representation in this matter was "book-ended" by what appears to be professional counsel. Furthermore, while plaintiffs' requests for damages were undoubtedly unreasonable at times in this litigation, their expert economist later stated in her report that plaintiffs were entitled to a much more defensible figure—$2.3 million of defendants' alleged unjust net profits. See Opp'n at 7, 14.

Accordingly, the Court does not find the existence of bad faith or an improper motive on the part of plaintiffs themselves in bringing or pursuing this action.[2]

### 5. Advancing Considerations of Compensation and Deterrence and Furthering the Purposes of the Copyright Act

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." Mattel, Inc v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013). "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." Fogerty, 510 U.S. at 524. "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Id. at 527. For example, where a party asserts an unreasonable or frivolous copyright infringement claim, "[a]n award of attorney's fees will serve to compensate a successful copyright defense and deter future improper conduct." BWP Media USA Inc. v. Rich Kids Clothing Co., LLC, 103 F. Supp. 3d 1242, 1248-49 (W.D. Wash. 2015).

---

[2] The Court notes that "most courts deny fees to prevailing defendants when the plaintiffs' claims were not motivated by bad faith." See 5 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.10 [D][3][b] (2015) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

Indeed, "the denial of fees and costs to a prevailing defendant *in an objectively unreasonable copyright case* may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.' " Chivalry Film Prods. v. NBC Universal, Inc., No. 05 CIV. 5627 (GEL), 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) (emphasis added). Defendants accordingly contend that an attorneys' fees award is necessary here in order to deter plaintiffs "from bringing future frivolous and improper copyright claims." Reply at 6.

In their opposition, plaintiffs argue that they "are already sufficiently deterred from re-litigating their claims against Defendants, and are presumably unable legally to do so."[3] Opp'n at 15. Plaintiffs further aver that "[t]here should be little concern that denying an award of attorneys' fees will either encourage Plaintiffs to litigate other similar actions, or discourage businesses such as [defendant] Inclusion Films from protecting their copyrights . . . ." Opp'n at 15. Defendants contend in their reply, however, that plaintiff Wolf is already involved in litigation of "other similar actions," as she has filed an action in the Eastern District of Michigan asserting copyright infringement claims against the Oakland University ("OU") Board of Trustees, among others, arising out of allegations that OU infringed the same work underlying this case by using Inclusion Films' program materials.[4] Declaration of Steven T. Gebelin ISO Defs.' Reply ("Gebelin Reply Decl."), at ¶¶ 3-5, Exs. F-H.

However, because the Court here granted defendants' summary judgment motion on the ground that plaintiffs' claims are time-barred, the Court cannot conclude that plaintiffs' recent suit in the Eastern District of Michigan is objectively unreasonable or otherwise "frivolous and improper" such that plaintiffs must be deterred from pursuing it. Reply at 6. Again, the Court's order in this case did not invalidate plaintiffs' copyrights in the works underlying this action, and further did not reach the question of whether defendants actually infringed upon these works. The Court expressly noted in its order granting summary judgment that "defendants d[id] not argue that even absent [plaintiffs']

---

[3] Wolf avers that plaintiffs have incurred approximately $186,000 in attorneys' fees and costs to date in this case. See Declaration of Alisa Wolf ("Wolf Decl."), at ¶ 2.

[4] See Wolf v. Oakland University Board of Trustees, et al., No. 15-13560 (E.D. Mich. filed October 9, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:14-cv-00938-CAS(PJWx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | ALISA WOLF v. JOSEPH "JOEY" TRAVOLTA; ET AL. | | |

alleged unauthorized copying [of third-party sources], plaintiffs' works would nonetheless not be subject to copyright protection." Travolta, 2016 WL 911469, at *7 n.5. For example, defendants did not argue in their motion for summary judgment "that plaintiff is improperly attempting to extend copyright protection of her written works to an idea, concept, process, system, or other unprotectable subject matter." Id. (citing 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.")). Instead, defendants' argument in their motion was limited to the applicability of the relevant statutes of limitation and "to whether the degree of Wolf's allegedly unauthorized copying of third-party written works so pervades her works that they should not be afforded copyright protection." Id. Because the Court could not conclude, as a matter of law, that purportedly cribbed material so pervaded plaintiffs' works as to render them completely unprotected under the Copyright Act, the Court denied defendants' motion as to the invalidity of plaintiffs' underlying copyrights. Id. at *8.

Simply put, it is not the province of the Court here to conclude that any further litigation regarding plaintiffs' copyrights is objectively unreasonable or should be deterred simply because plaintiffs' claims were time-barred in this action. Of course, the validity of plaintiffs' underlying copyrights will likely be a live issue in the Michigan suit; "it is not the purpose of the Copyright Act 'to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful.' " Minden Pictures, 2014 WL 1724478, at *8 (citation omitted).

**IV.   CONCLUSION**

In accordance with the foregoing, defendants' motion for attorneys' fees and costs under 17 U.S.C. § 505 is **DENIED**.

IT IS SO ORDERED.

:   09

Initials of Preparer   CMJ